**In re DICKENSON LINES,**
**INC., Debtor.**

**Bankruptcy No. 3–84–1455.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 6, 1985.

Melvin Orenstein, Minneapolis, Minn., for debtor.

Barbara Olson, St. Paul, Minn., for I.R.S.

### ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the motion of Dickenson Lines, Inc. ("debtor") requesting the court for an order discharging an Internal Revenue Service ("IRS") lien on certain real property located at 12234 Ridgewood Drive, Elk River, Minnesota 55330, located in the County of Sherburne, legally described as:

Lot 7, Block 2, Ridgewood 1st Addition.

Melvin I. Orenstein and Rosanne Wirth appeared on behalf of debtor. Barbara A. Olson, Special Assistant United States Attorney, appeared on behalf of the IRS.

Now, upon all the files and records herein, affidavits, and arguments of counsel, the court makes the following order pursuant to the Rules of Bankruptcy Procedure.

### STATEMENT OF FACTS

On October 12, 1983 Barry S. Oliver and his wife ("Olivers") entered into a purchase agreement for the purchase of a residence, which is the subject of this action. At the time the Olivers entered into the purchase agreement, Barry S. Oliver ("Oliver") was a resident of Canada but had accepted a job with debtor in Princeton, Minnesota. The purchase agreement provided that closing would be held on October 16, 1983.

On or about November 16, 1983, the aforementioned purchase agreement was assigned to debtor. On November 17, 1983, debtor borrowed the sum of $20,-010.00 from Community State Bank of Princeton which it used to make the down payment on the residence. In addition, the contract for deed with respect to the aforementioned residence was executed by and between Marlene A. Brown (vendor) and Dickenson Lines, Inc. (vendee).

On November 30, 1983, IRS filed a lien against debtor with the Sherburne County Recorder in the amount of $210,237.49, Document No. 178931. A lien in the same amount was also filed with the Minnesota Secretary of State on November 29, 1983, Document No. L–24869. Each of these liens were for unpaid withholding taxes of debtor for the second quarter of 1982 and the first and second quarter of 1983. The Olivers received their notice of approval or extension of non-immigrant visa from the United States Department of Justice, Immigration, and Naturalization Services on November 30, 1983.

On December 28, 1983, debtor transferred its interest in the residence to the Olivers pursuant to a quitclaim deed. The Olivers received $25,100.33 from the Bank of Montreal on January 20, 1984 and debtor repaid its loan to the Community State Bank of Princeton on January 24, 1984.

On September 5, 1984 the Olivers entered into a purchase agreement with Timothy and Connie Kavanaugh whereby the Kavanaughs agreed to buy, and Olivers agreed to sell, the residence here in question. As a result of this proposed sale of the residence, counsel for the Kavanaughs did a title search and discovered the federal tax liens of record which had attached to the Olivers' residence.

## DISCUSSION

26 U.S.C. § 6321 of the Internal Revenue Code of 1954 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

■ Pursuant to this section, the liens which were filed by IRS on November 30, 1983, attached to the Olivers' residence located at 12234 Ridgewood Drive, Elk River, Minnesota, which is the subject of this action. Since the aforementioned statutes create no property rights but merely attached consequences to rights created by state law, the transfer of property, subsequent to the attachment and filing of notice of federal tax liens, does not affect the lien and it passes with the property. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). Hence, when debtor transferred the property to Oliver by quitclaim deed, the IRS lien passed with it.

Debtor takes the position that it was acting solely as an agent for the Olivers, as an accommodation to Oliver, until such time as he received his immigration visa and therefore never acquired more than bare legal title to the residence. Since debtor was acting as Oliver's agent and acquired only bare legal title, debtor argues that the IRS liens do not attach to the residence.

Debtor asserts that this court has jurisdiction over this proceeding by reason of 28 U.S.C. § 1334 and § 157. The jurisdictional grant found under 28 U.S.C. § 1334 provides for a general jurisdictional grant over bankruptcy proceedings to the district court. 28 U.S.C. § 157 provides the jurisdictional grant to the bankruptcy court, which provides in pertinent part as follows:

(a) Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under Title 11 and all court proceedings arising under Title 11, or arising in a case under Title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under § 158 of this title.

(2) Core proceedings include, but are not limited to—...

(B) Allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purpose of confirming a plan under Chapter 11 or Chapter 13 of Title 11 but not to the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for the purposes of distribution in a case under Title 11; ...

(K) Determinations of the validity, extent, or priority of liens; ...

Debtor's assert that this is a core proceeding arising under Title 11. The court does not agree. Clearly, this proceeding does not arise under Title 11.

■ The IRS lien arises pursuant to 26 U.S.C. § 6321. The lien came into existence and attached to the residence pursuant to the aforementioned section regardless of the pending bankruptcy proceedings, or any provisions contained in Title 11 of the Bankruptcy Code. To be classified as a "core proceeding," the proceeding

must arise under Title 11 or be afforded a right to relief created by Title 11. Debtor's position fails to take into consideration the fact that the lien is attached to property that is no longer property of the estate. Furthermore, the debtor is not a real party in interest to this dispute. It is clear that the congressional intent of enacting 28 U.S.C. § 157(b)(2) was to grant to bankruptcy judges the power to hear matters that effect administration of the estate. As the above facts indicate, the present dispute is between two non-debtors regarding a lien which is attached to non-estate property.

For the court to accept jurisdiction over this matter, another basis must be found. The court must once more focus on 28 U.S.C. § 157(a), which in addition to providing the bankruptcy court with jurisdiction for any or all cases arising under Title 11, grants bankruptcy judges jurisdiction for cases "arising in or related to" cases under Title 11.

 The jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not, however, without limit. For subject matter jurisdiction to exist, there must be some nexus between the "related" civil proceeding and the Title 11 case. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (1984).

The usual test for determining whether a civil proceeding is related to a bankruptcy proceeding is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *In re Hall*, 30 B.R. at 799 (Bkrptcy.M.D.Tenn.1983); *In re General Oil Distributors, Inc.*, 21 B.R. 888 (Bkrptcy.E.D.NY 1982); and *Pacor, Inc. v. Higgins*, supra.

Debtor takes the position that the existence of the IRS lien on the Olivers' residence jeopardizes its reorganization by precluding Oliver from investing his own funds into debtor's operation, and has interfered with the operation of debtor's business since Oliver has been caused emotional distress affecting his employment with debtor. Therefore, debtor argues,

that this matter is "related" to the above-entitled bankruptcy proceeding.

Debtor's argument is spurious, illusionary, and wholly without substance. The court is not satisfied by the evidence presented to it that the proceedings in question will in any way affect the administration of this estate, particularly in light of the fact that the controversy is between third parties regarding property that is not property of the estate. To hold otherwise would lead to almost unlimited jurisdiction being granted to the bankruptcy court. The court is also mindful of other forums available to the Olivers and IRS in which they may pursue any other remedies available to them.

THEREFORE, IT IS ORDERED that the motion of debtor be and the same is hereby denied.