In re HOLLAND INDUSTRIES, INC., Debtor.

HOLLAND INDUSTRIES, INC., 126 E. 35th Street Corp., and Camelot Consultants, Inc., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 87B–12109 (HCB). Adv. No. 89–5693A.

United States Bankruptcy Court, S.D. New York.

June 28, 1989.

Benito Romano, U.S. Atty., S.D. New York, New York City by Susan Johnston, for U.S.

Rivkin, Radler, Dunne & Bayh, New York City by Martin F. Brecker, for plaintiffs.

## DECISION

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

This case involves the scope of bankruptcy court jurisdiction regarding rights of third parties in property of non-debtors when the owner of the property agrees to make it available for use by a debtor to reorganize.

The complaint in this adversary proceeding brought by the Debtor, Holland Industries, Inc., and by non-debtors 126 E. 35th Street Corp. ("126 E. 35th Street") and Camelot Consultants, Inc. ("Camelot") seeks an order vacating liens filed by the Internal Revenue Service (IRS) against property owned by the two non-debtors. The United States of America has moved this Court for an order, pursuant to Rule 7012(b) of the Bankruptcy Rules and Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissing the complaint for lack of subject matter jurisdiction.

The movants allege that this Court lacks jurisdiction to determine a tax liability of non-debtors. They further assert that under the Anti–Injunction Act, 26 U.S.C. § 7421 (1989), the Court lacks jurisdiction to prevent the IRS from attempting to collect taxes from non-debtors, and that the

United States has not waived its sovereign immunity.

Plaintiffs respond that the Court has jurisdiction pursuant to 28 U.S.C. § 157 (1984 *amended* 1986) contending that the adversary proceeding is either a "core" or "related" proceeding as those terms are defined in 28 U.S.C. § 157(b) and (a), respectively. They further assert that the Anti–Injunction Act, 26 U.S.C. § 7421, does not bar a cause of action seeking to enjoin the IRS from lien imposition in a case such as this and that the section 106(a) waiver of sovereign immunity in bankruptcy proceedings, 11 U.S.C. § 106(a) (1984), is applicable here.

## I.

On this motion, there is no material factual dispute.

This case was commenced on November 2, 1987 by Holland's filing of a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (the "Code"). The Debtor operates buses for public transportation and is operating its business as a debtor-in-possession under §§ 1107 and 1108 of the Code. A reorganization plan was filed with this Court pursuant to §§ 1121 and 1123 of the Code. By order entered April 27, 1989, Holland's Amended Disclosure Statement was approved as containing adequate information pursuant to section 1125 of the Code and a hearing on confirmation was scheduled for June 9, 1989 on the Debtor's plea that unless the plan were confirmed in early June 1989 it would fail. *See In re Mountain View Coach Line, Inc.*, 99 B.R. 555, 557, 560–61 (Bankr.S.D.N.Y.1989). At Holland's request, the hearing on confirmation was adjourned to June 20, 1989 and subsequently to July 10, 1989.

According to the terms of the plan, Ambassador Factors Division of Fleet Factors Corp. has agreed to finance the Debtor with a $1.5 million secured line of credit to satisfy a pre-existing secured claim, and for working capital purposes. The loan is to be partially secured by a mortgage on real estate owned by 126 E. 35th Street (Complaint at ¶ 10). In addition, proceeds of approximately $200,000 from the sale of real estate owned by Camelot are to be lent to the Debtor (Complaint at ¶ 27). Both of the above properties are subject to federal tax liens. Significantly, plaintiffs do not allege that they have entered into a written contract transferring these property interests to the Debtor.

The tax liability underlying the federal tax liens is undisputed. As a result of the Debtor's failure to collect and pay over to the government withholding taxes in the amount of approximately $1 million, the IRS, pursuant to 26 U.S.C. § 6672 (1978), assessed 100% penalties against the Debtor's Chief Executive Officer, Michael Margolies. Alleging that Margolies transferred assets to 126 E. 35th Street and Camelot, which were subject to the section 6672 assessment, the IRS filed tax liens against these corporations in their nominee status on March 27, 1989 (Camelot) and on April 29, 1989 (126 E. 35th Street) (Complaint at ¶¶ 13, 28).

According to the plaintiffs, the transfers of both properties were made for good, valuable and equivalent consideration, were therefore not fraudulent transfers under New York Debtor and Creditor Law §§ 272, 273 (N.Y. [Debt. & Cred.] Law §§ 272, 273 (McKinney 1945 & Supp.1989) and thus cannot be subject to nominee liability (Complaint at ¶¶ 17, 30). They further assert that both liens were filed by the IRS without any prior assessments against either corporation and therefore are procedurally invalid. (Complaint at ¶¶ 12, 19, 29).

The plaintiffs allege that unless the liens are vacated prior to the confirmation hearing, confirmation of the plan will be "substantially impeded, if not defeated" (Complaint at ¶¶ 20, 28), due to reduced cash inflow and inability to proceed with the Ambassador financing. (Complaint at ¶ 11).

## II.

Although 28 U.S.C. § 157 was crafted in response to and in light of the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598

(1982) (The vesting of broad jurisdictional power in non-Article III bankruptcy courts by the Bankruptcy Reform Act of 1978 held unconstitutional), the constitutional concerns raised by § 157 have been largely ameliorated by the Supreme Court's subsequent decisions in *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (Upholding Congress' Article I power to require binding non-Article III arbitration, subject to only limited judicial review, to resolve disputes among participants covered by the Federal Insecticide, Fungicide and Rodenticide Act) and *Commodities Futures Trading Comm'n v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1987) (Power of non-Article III agency to adjudicate a state law counter-claim related to subject matter of agency enforcement proceeding held constitutional).

■ Consequently, the bankruptcy court's jurisdiction turns largely on interpreting the statutes that grant that jurisdiction. *E.g., Duck v. Munn (In re Mankin)*, 823 F.2d 1296, 1300 (9th Cir.1987), *cert. denied,* ⎯ U.S. ⎯, 108 S.Ct. 1468, 99 L.Ed.2d 698 (1988) (Action by debtor-in-possession to collect post-petition debt arising from sale of asset, even though it might depend entirely upon state law, is a matter concerning administration of the estate within the meaning of 28 U.S.C. § 157(b)(2)(A)).

■ In the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress revised 28 U.S.C. § 1334 to grant district courts original jurisdiction over bankruptcy cases and core proceedings arising in, arising under or related to bankruptcy cases. District courts are empowered by 28 U.S.C. § 157(a) to refer such cases and proceedings to bankruptcy judges. On reference, section 157(b) enables bankruptcy courts to "hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11...." and to hear, enter interlocutory orders and submit findings of fact and conclusions of law with respect to non-core

proceedings that are related to a bankruptcy case. *Lesser v. A–Z Associates (In Re Lion Capital Group)*, 46 B.R. 850, 853 (Bankr.S.D.N.Y.1985); 28 U.S.C. § 157(b), (c)(1).[1] Bankruptcy courts have no jurisdiction to entertain civil proceedings that are neither core proceedings nor related proceedings. *E.g., Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984).

With these distinctions in mind, we turn to an analysis of plaintiffs' claim of jurisdiction.

### A. *Core Jurisdiction*

Section 157(b)(2) enumerates a non-exhaustive list of core proceedings. By those examples, Congress defined core proceedings to be those having a close nexus to Congress' exercise of its Article I bankruptcy power, *Pacor*, 743 F.2d at 994; *see also Lion Capital*, 46 B.R. at 856, *i.e.:* those proceedings based on a right or status created by a provision of Title 11 and "those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *World Travel Vacation Brokers, Inc. v. Bowery Savings Bank (In re Chargit Inc.)*, 81 B.R. 243, 247 (Bankr.S. D.N.Y.1987) (quoting *Wood v. Wood (In the Matter of Wood)*, 825 F.2d 90, 97 (5th Cir.1987). Plaintiffs allege that the injunction they are requesting readily falls into any of the following three statutory categories: section 157(b)(2)

(K) "determinations of the validity, extent, or priority of liens"

(L) "confirmation of plans"

(O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ..."

■ None of these grounds apply. In referring to determination of the validity, priority and extent of liens, section 157(b)(2)(K) is to be construed to refer to liens on property of the estate. Such proceedings arise under several provisions of the Code such as section 506(a) (Amount of

---

1. By order dated July 10, 1984 the District Court for this district referred all such cases and proceedings to the bankruptcy judges for this district.

secured claim limited to value of collateral), section 362(d)(2) (Lack of debtor's equity is collateral part of ground for relief from the automatic stay) and the procedure for valuation "of a claim secured by a lien on property in which the estate has an interest" contained in Rule 3012 of the Rules of Bankruptcy Procedure. There is not the slightest indication in either § 157 or its legislative history that Congress sought to empower the bankruptcy courts with jurisdiction to determine the validity of liens with respect to property in which the debtor has no legally cognizable interest.

■ Nor can it be said that the issue of the validity *vel non* of the IRS liens on non-debtor property bears such a direct nexus to Congress' exercise of its Article I bankruptcy power, similar to the items enumerated in 28 U.S.C. 157(b)(2), that it qualifies as a core proceeding. The Debtor's assertion that confirmation of its plan is impacted by the IRS lien is an argument asserting unlimited jurisdiction. The desires of every Chapter 11 debtor are affected by a myriad of external indirect effects created by the circumstances in which it operates. Whether they arise from the ebbs and flows of commerce, the effects of governmental action or the acts of third parties with respect to property of non-debtors, their impact on a debtor's attempt to reorganize does not afford the bankruptcy courts with jurisdiction to determine the dispute merely because of that impact. 28 U.S.C. § 157(b) was carefully drawn to relate the nature of core proceedings to estate administration, the handling of matters that involve the debtor-creditor and inter-creditor relationship, and the entertainment of the causes of action set forth in section 157(b)(2), invoking a status conferred by the Bankruptcy Code (*e.g.* Code § 544), or grounded on a substantive provision of the Bankruptcy Code, *see Hoffman v. Connecticut Dep't of Income Maintenance (In re Willington Convalescent Home)*, 850 F.2d 50, 52 n. 2 (2d Cir.1988), *cert. granted on other grounds*; —— U.S. ——, 109 S.Ct. 781, 102 L.Ed.2d 773 (1989) (Turnover proceeding as defined by § 542(b) held to be core proceeding); *Lion Capital*, 46 B.R. 850 (Same).

■ This action falls outside those contours. Although bankruptcy courts routinely determine the validity of tax liens, they do so under the rubric of a core proceeding only when the lien concerns the debtor's property. Contrary to plaintiffs' claim that "this lien derives from a claim against the Debtor," Brief for Plaintiff at 9, it is well established that the liability of alleged 'responsible officers' is "separate and distinct from that imposed upon the employer." *Monday v. United States*, 421 F.2d 1210, 1218 (7th Cir.1970), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Thus, the attenuated connection between the Debtor's liability and the present non-debtors' liens does not satisfy section 157(b)(2)(K).

■ The same considerations apply to section 157(b)(2)(0). The instant adversary proceeding, seeking a determination of the validity of liens on non-debtor property, is not a proceeding affecting the liquidation of the assets of this estate, or the adjustment of the debtor-creditor or equity security holder relationships. Notwithstanding the Debtor's strenuous assertion that it will not be able to confirm its plan because of its lender's unwillingness to proceed unless the IRS liens are vacated and it therefore faces the bleak prospect of liquidation, a determination of the validity of those liens does not affect the liquidation of the property of the estate if that course is in the offing.

■ For those reasons, this proceeding also does not lie under section 157(b)(2)(L). A request to enjoin a tax lien on non-debtor property merely because the debtor expected to utilize proceeds generated by its sale and that in its absence confirmation will be "substantially impeded, if not defeated" (Complaint at ¶¶ 20, 28) does not, by itself, implicate plan confirmation. In referring to confirmation of plans in section 157(b)(2)(L), Congress must have been referring to the entire plan process set forth in sections 1122–1129 and sections 1141–1146 of the Code.

■ Similarly misplaced is plaintiffs' reliance on cases establishing core jurisdiction for actions enjoining creditors' suits against third party guarantors who are principal officers with reorganization duties respecting a Chapter 11 debtor-in-possession. *E.g. Rustic Mfg., Inc. v. Marine Bank Dane County (In the Matter of Rustic Mfg., Inc.)*, 55 B.R. 25, 27 (Bankr.W. D.Wis.1985). The basis for such an action lies in the threat to estate administration, section 157(b)(2)(A), by diversion of the officers from the reorganization effort. Absent such threat, no action will lie. *Compare Lesser v. A–Z Associates, Inc. (In re Lion Capital Group)*, 44 B.R. 690, 703 (Bankr.S.D.N.Y.1984) (Threat and consequently jurisdiction found) *with Old Orchard Inv. Co. v. A.D.I. Distrib. Inc. (Matter of Old Orchard Inv. Co.)*, 31 B.R. 599, 601 (W.D.Mich.1983) *(dicta)* (No such threat exists from suits against mere guarantors as opposed to suits against partners) and *In the Matter of Magnus Harmonica Corp.*, 233 F.2d 803, 804 (3rd Cir.1956) (No jurisdiction found absent threat to estate).

This reasoning, while applicable in guarantee cases to prevent threats to the reorganization process and hence estate administration, has, moreover, been rejected by most courts in proceedings seeking to enjoin collection of withholding liability penalties from corporate officers. Jurisdiction is found wanting even though such collection would impede reorganization. In the principal appellate court case, *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986), the bankruptcy court found that payment by the debtor's corporate officer of the section 6672 penalty would adversely affect the debtor's reorganization. The Court reasoned that the officer's right to indemnity for the amount of the penalty adversely affected the debtor in light of its existing right under the confirmed plan, pursuant to section 1129(a)(9)(C), to pay the assessed withholding taxes over a six-year period from the assessment there provided. The bankruptcy court, therefore, enjoined the IRS' collection efforts against the officer. The district court reversed and the Eleventh Circuit sustained the reversal. It held:

"The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization."

*Id.* at 1549. Similar reasoning was employed in *Success Tool & Mfg. Co. v. United States Dep't of Treasury (In re Success Tool and Mfg. Co.)*, 62 B.R. 221 (N.D.Ill. 1986); *East Wind Indus., Inc. v. United States Dep't of Treasury (In re East Wind Indus., Inc.)*, 61 B.R. 408 (D.N.J.1986); *United States v. Spector (In re Booth Tow Services, Inc.)*, 53 B.R. 1014 (W.D.Mo. 1985); *MDFC Equip. Leasing Corp. v. Robbins (In re Interstate Motor Freight System)*, 62 B.R. 805 (Bankr.W.D.Mich. 1986); *Gennari v. United States Dep't of Treasury (In re Educators Investment Corp.)*, 59 B.R. 910 (Bankr.D.Nev.1986) *c.f. O.H. Lewis Co., Inc. v. United States Dep't of Treasury (In re O.H. Lewis Co., Inc.)*, 40 B.R. 531 (Bankr.D.N.H.1984). *But see In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Calif.1981); *Jon Co. Inc. v. United States (In re Jon Co.)*, 30 B.R. 831 (D.Colo.1983); *Campbell Enter. Inc. v. United States Dep't of Treasury (In re Campbell Enter. Inc.)*, 66 B.R. 200 (Bankr.D.N.J.1986); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr.W.D. Tx.1984); *H & R Ice Co. v. United States Dep't of Treasury (In re H & R Ice Co. Inc.)*, 24 B.R. 28 (Bankr.W.D.Mo.1982).

In *Brandt–Airflex Corp. v. Long Island Trust Co., N.A. (In re Brandt–Airflex Corp.)*, 843 F.2d 90 (2nd Cir.1988), the bankruptcy court held that a bank who had provided funds to a debtor for the purpose of paying employee wages was liable, pursuant to 26 U.S.C. § 3505 (1966), to the IRS for the withholding taxes not paid by the debtor. The district court reversed and the Second Circuit affirmed the reversal holding that the bankruptcy court lacked jurisdiction to determine the taxes owed by a non-debtor.

■ With *Brandt–Airflex* in mind, the plaintiffs have structured the instant proceeding to avoid a challenge to the underlying tax liability and limited it to one seeking a determination of the propriety of the IRS liens. This attempted distinction is unavailing in light of the Second Circuit's decision in *Brandt–Airflex*. There the court expressly adopted the reasoning of the *Huckabee* line of cases and rejected cases finding jurisdiction to enjoin or determine the validity of a tax lien, 843 F.2d at 96. Thus, consistent with the notions of core jurisdiction noted above, it can only be concluded that the bankruptcy courts lack jurisdiction to enjoin or determine the validity of IRS efforts to collect withholding tax penalties from non-debtors.

### B. *Jurisdiction Over Related Proceedings*

■ The same reasoning leads to the conclusion that a civil proceeding involving IRS collection procedures from non-debtors is also not a related proceeding. To be sure, the alleged impact on the estate from the determination of that issue falls within the literal words of the standard test of relatedness: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). But since "[c]onceptually there is no limit to the reach of" this jurisdiction, *Turner v. Erminger (In re Turner)*, 724 F.2d 338, 341 (2d Cir.1983) (quoting L. King....1 Collier on Bankruptcy ¶ 3.01[1][e] (15th ed. 1983 at 3–49), the task of defining the bankruptcy courts' jurisdiction over non-core proceedings is conceptually an exercise in identifying limits. Accordingly, relatedness does not lie where the dispute, while "conceivably" related to the bankruptcy estate, is so only remotely. *Turner* requires the litigation to have a "significant connection with bankruptcy." 724 F.2d at 341. (Bankruptcy Court lacked jurisdiction over a conversion action by a Chapter 7 debtor against her landlord where, since other claimed exemptions had already exhausted the estate, the outcome of the proceeding could not affect the estate).

■ Thus, consistent with the Supreme Court definition of 'bankruptcy' as the "subject of the relations between an insolvent or nonpaying or fraudulent debtor and his creditors, extending to his and their relief" *Railway Labor Executives' Assn. v. Gibbons*, 455 U.S. 457, 466, 102 S.Ct. 1169, 1175, 71 L.Ed.2d 335 (1982), a civil proceeding involving non-debtors is related if it would determine the secured or unsecured status of a creditor of the debtor. *Beebe Int'l Inc. v. French American Banking Corp. (In re Wedtech Corp.)*, 72 B.R. 313, 316 (Bankr.S.D.N.Y.1987). As such, it would "affect directly the resolution and ranking of claims. That task is at the core of the bankruptcy process ... This, in turn, affects the interests of the unsecured creditors." *Id.* 72 B.R. at 316 (citations omitted). *Accord, Elscint, Inc. v. First Wisconsin Financial Corp. (In the Matter of Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987); *Citizens Nat'l Bank of Bowling Green v. Schaberg Lumber Co. (In re Bowling Green Truss, Inc.)*, 53 B.R. 391, 394 (Bankr.W.D.Ky.1985).

■ Similarly related, if not core, is a civil proceeding between non-debtors that would increase or diminish a debtor's liabilities. *E.g. Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (3rd Cir. 1987) (Outcome of proceeding to foreclose on non-debtor property, collect on the guaranty of non-debtors and to determine a non-debtor's liability to its financier has an effect on the estate where debtor remains contractually liable to financier in event of non-debtor's default); *Kelley v. Nordine (In re Salem Mortgage Co.)*, 783 F.2d 626, 634 (6th Cir.1986) (Resolution of proposed consent order reforming mortgage held by assignees of debtor mortgage company has an effect on the estate where debtor remains liable for breach of assignment in event value of mortgage is reduced).

■ It has also been reasoned that a civil proceeding between non-debtors is related if its resolution would affect the amount of property available for distribution to the estate's creditors. *Feitz v.*

*Great Western Savings (In re Feitz),* 852 F.2d 455, 458 (9th Cir.1988) *(dicta); c.f. Turner,* 724 F.2d at 341. Conversely, where the proceeding is not otherwise related and would not affect distributable assets, it is not related and is not within the jurisdiction of the bankruptcy courts. *Feitz v. Great Western Savings,* 852 F.2d at 458 (Eventual success on the merits of cross-claim by wife of debtor against bank for wrongfully refusing to consent to new financing of asset could in no way increase dividends to creditors when plan was confirmed prior to start of proceeding); *Wisconsin Dept. of Industry, Labor & Human Relations v. Marine Bank Monroe (In the Matter of Kubly),* 818 F.2d 643, 645 (7th Cir.1987) (Proceeding to determine priority among secured creditors concerning property of a non-debtor held non-related); *Uranga v. Geib (In re Paso Del Norte Oil Co.),* 755 F.2d 421, 424–25 (5th Cir.1985) (No jurisdiction to determine legal effect of an agreement by and between shareholders of debtor corporation involving neither debtor nor its property which was executed and performed prior to Chapter 11 filing); *Pan American World Airlines v. Pan American School of Travel Inc. (In re Pan American School of Travel Inc.),* 47 B.R. 242, 244 (Bankr.S.D.N.Y.1985) (Post-confirmation action seeking only to enjoin debtor from future violations of Lanham Act is not a related proceeding).

To this is to be added the acceptance and approval in *Brandt–Airflex* of *Huckabee Auto,* and other cases holding that the jurisdiction of bankruptcy courts does not extend to bar the IRS from pursuing the separate liabilities of non-debtor 'responsible persons' notwithstanding the effect on a debtor's attempt to reorganize through depriving it of a hoped for contribution to reorganization.

■ As a whole, these cases give rise to the notion that a proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors unless that proceeding also involves property in which the debtor has a legally cognizable interest. To the extent that *Kolinsky v. Russ (In re Kolinsky),* 100 B.R. 695, 703 (Bankr.S.D.N.Y.1989) implies a broader rule, it is not followed here. In *Kolinsky,* the Court held that an action brought by a corporation wholly owned by the debtor to rescind a contract for the sale of realty owned by the corporation is a related matter. It found relatedness on the dependency of the debtor's proposed plan on funds to be received under the purchase and sale contract and the contract being conditioned on obtaining the bankruptcy court's approval of the mortgage to be obtained by the purchaser. *Kolinsky* thus can be read as a case which effectively treated the sale proceeds as related to the estate since the Court had previously assumed jurisdiction of the matter through its approval of the mortgage to be obtained by the purchaser.

■ Here, in contrast, relatedness cannot be found in plaintiffs' assertion that the determination of the validity of the IRS liens on non-debtor property impacts the estate because its lenders will not advance loans until one lien is removed on the non-debtor property to be contributed by 126 E. 35th Street as collateral, and because another lien prevents proceeds from the sale of the Camelot property being separately loaned to the estate. The Debtor has no contractual or other right to the property. It makes no suggestion that the property is effectively part of this estate. Its interest is at most a desire. The non-fulfillment of that desire will be disappointing to the Debtor and those of its creditors who support its plan. But due to the separate nature of the 'responsible officer's' liability "it is ... irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization." *Huckabee,* 783 F.2d at 1549; *see also Success Tool & Mfg. Co.,* 62 B.R. at 223.

Not to the contrary is *In re Dickenson Lines, Inc.,* 47 B.R. 653 (Bankr.D.Minn. 1985) on which plaintiffs rely. There, the court found no bankruptcy court jurisdiction over a dispute between two non-debtors regarding an IRS lien attached to non-estate property. Plaintiffs contend that the *Dickenson* court would find that a sufficient nexus exists where a failure to de-

termine the validity of a tax lien would destroy reorganization, and that no nexus was found in *Dickenson* because resolution of the dispute between the debtor's employee and the IRS over the employee's encumbered property would have no effect on the administration of the estate. In *Dickenson*, however, the plaintiff raised the exact same claim as do the plaintiffs here, *i.e.*, that proceeds from the sale of the encumbered property were to be invested in the debtor corporation. The Court rejected that argument as "spurious, illusionary, and wholly without substance.... To [find jurisdiction] would lead to almost unlimited jurisdiction being granted to bankruptcy courts [when other forums are available],"[2] *Dickenson*, 47 B.R. at 656.

It is this concern for limits defined by bankruptcy purposes that defines related jurisdiction, under 28 U.S.C. §§ 157, 1334(a), to exclude proceedings between third parties that do not bind a debtor, do not involve estate property and do not concern the debtor-creditor or inter-creditor relationships. A debtor will always be faced with a multitude of circumstances which can conceivably affect its estate and the ability to fund a plan it desires to confirm. Here the lifting of the liens upon non-debtor property will allow the non-debtor plaintiffs to assist the Debtor. Should this be enough in itself to come under the umbrella of "relatedness" then so too would be a probate proceeding concerning a non-debtor's inheritance claim, or a proceeding brought by a non-debtor to obtain a tax refund, which the debtor alleges will be loaned to it in order to fund its plan. It hardly need be said that the bankruptcy courts have no jurisdiction over such matters even though they may impact a debtor's desires and its proposed plan.

The outcome of the instant proceeding will in no other way impact upon estate administration since no change in the underlying tax liability will result. The bankruptcy court has no jurisdiction to determine the tax liability of non-debtors, *Brandt–Airflex*, and the debtor itself remains liable for the unpaid taxes regardless of the collection mechanism pursued by the IRS. *Monday*, 421 F.2d at 1218; *Huckabee*, 783 F.2d at 1548–49; 26 U.S.C. § 3403 (1983).

Whether the non-debtors prevail in this proceeding and the Debtor can remain in operation under its Chapter 11 plan, or the non-debtors fail and the Debtor is forced into liquidation, no additional property will accrue to the estate for payment to creditors, nor will there be any affect on the relationship among the Debtor and its creditors.

Thus, the determination of the validity of the IRS liens on property owned by the non-debtors, 126 E. 35th Street and Camelot, has only an incidental connection with the pending Title 11 case. The Debtor has no legal interest in the property and makes no suggestion that the property effectively belongs to it. The claim that 126 E. 35th Street and Camelot will contribute the property does not suffice to find that the proceeding to determine the validity of liens on the property is within the jurisdiction of the bankruptcy court. The complaint, therefore, is to be dismissed for lack of subject matter jurisdiction.[3]

Settle Order.

---

**2.** Other forums are readily available to the plaintiffs. Under 26 U.S.C. § 6511(a) (1989), Margolies and the non-debtors may pay the tax due and sue for a refund. The United States concedes that they only need pay the taxes for one employee for one taxable period in order to maintain the refund claim. *See Steele v. United States*, 280 F.2d 89, 90 (8th Cir.1960) (Section 6672 liability is divisible). Additionally, under 28 U.S.C. § 2410 (1984) a suit may be maintained to quiet title on real property that is subject to a tax lien.

**3.** Having decided that the bankruptcy court lacks jurisdiction we need not consider the claims regarding the Anti–Injunction Act, 26 U.S.C. § 7421 (1982), and the doctrine of sovereign immunity.