**In re Larry WESCHE, Debtor.**

**Larry WESCHE, Plaintiff,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 94–5654–BKC–3P7.
Adv. No. 94–300.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 1, 1995.

Anne Payne, Jacksonville, FL, for plaintiff.

Bruce Russell, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING ADVERSARY PROCEEDING

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court for pre-trial conference on January 18, 1995, upon the complaint for declaratory judgment filed by plaintiff, Larry Wesche, and a motion for judgment on the pleadings filed by defendant, United States of America Internal Revenue Service. Plaintiff requested an opportunity to respond to defendant's motion, the Court gave plaintiff ten days to respond and the Court took this matter under advisement. Plaintiff has failed to file a response with the Court.

The Court finds that the defendant filed notice of federal tax lien on September 11, 1990, February 27, 1992 and March 5, 1992 against plaintiff's property for tax liabilities for the years 1983 through 1990. A corrective notice for the notice filed September 11, 1990, was filed December 29, 1993.

Defendant filed his chapter 7 case on December 21, 1993, and received his discharge on March 31, 1994. In schedule C, debtor claimed entitlement to an exemption for his right to receive his federal civil service pension. The trustee did not object to the exemption and the case was closed May 23, 1994.

Debtor filed a motion to reopen case for the limited purpose of filing an adversary proceeding against defendant. In his complaint, plaintiff alleges that his right to receive the pension is not a liquidated asset because the right is limited by the life of the beneficiary. Because of this limitation, plaintiff alleges that no lien may attach in an amount which exceeds the monthly payment due plaintiff at the time he filed his case.

Defendant argues that this Court is without jurisdiction to consider this matter and the Court should enter judgment on the pleadings and dismiss this proceeding.

### Discussion

Bankruptcy courts have jurisdiction over "all civil proceedings arising under Title 11, or arising in or related cases under Title 11." 28 U.S.C. § 1334(b). The jurisdictional grant in § 1334(b) is divided into core and non-core proceedings. "Core proceedings are proceedings which have no existence outside of bankruptcy." *In re Gardner,* 913 F.2d 1515 (10th Cir.1990). Non-core proceedings "do not depend on the bankruptcy laws for their existence and could proceed in another court." *Id.; In re Woods,* 825 F.2d 90 (5th Cir.1987). At a minimum a non-core proceeding must be related to the bankruptcy case. A related proceeding is defined as "any proceeding that would have any effect at all on the outcome of the bankruptcy proceeding." *In re Auto Dealer Services, Inc.,* 96 B.R. 360, 362 (Bankr.M.D.Fla.1989); *In re Woods,* 825 F.2d 90 (5th Cir.1987); *In re Gardner,* 913 F.2d 1515.

In this case, the issue is the rights of the parties in exempt property. Even assuming, that plaintiff's allegation is true, that defendant's lien is limited to the amount of the monthly payment from the pension plan, that payment also constitutes exempt property.

Although the determination of whether property is exempt is a core proceeding, the later determination of the rights in that property is not. *In re Gardner,* 913 F.2d 1515, 1518. The attachment or enforceability of a tax lien on exempt property effects only property which is not part of the estate. If the proceeding does not effect the amount of property of the estate or debtor's exemptions it is not a related proceeding. *In re Turner,* 724 F.2d 338, 441 (2nd Cir.1983). The pension cannot effect the administration of the estate whether defendant's lien attaches to the whole or only a monthly pay-

ment amount, thus this proceeding cannot be considered a related to proceeding. Consequently, this proceeding is neither a core nor a non-core proceeding, and the Court is without jurisdiction to make a determination of the parties interests with regard to plaintiff's pension. *See also, In re Albrecht,* 89 B.R. 859 (court without jurisdiction to determine creditors rights in exempt property used to purchase home). Accordingly, it is

ORDERED:

1. Plaintiff's right to receive his federal civil service pension is exempt from the estate and the Court is without jurisdiction to adjudicate the parties rights in that property.

2. Defendant's motion for judgment on the pleadings is granted and this adversary is dismissed.