**In re Martin SCHWARZWALDER, a/k/a Marty Schwarzwalder, d/b/a The Mexican Restaurant, and Twanda Schwarzwalder, Debtors.**

**Bankruptcy No. 94–3969–8G7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 19, 1999.

## ORDER ON MOTION FOR RECONSIDERATION OF NOVEMBER 13, 1998 ORDER ON FIRST TEXAS BANK'S MOTION TO REOPEN PROCEEDING TO OBTAIN ORDER CANCELING LIEN OF RECORD

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Reconsideration of November 13, 1998 Order on First Texas Bank's Motion to Reopen Proceeding to Obtain Order Canceling Lien of Record filed by First Texas Bank (the Bank).

### Background

Prior to the filing of the bankruptcy petition, the Bank obtained a judgment against the Debtors, Martin and Twanda Schwarzwalder, in a state court in Texas. The judgment was recorded in the public records of Lampasas County, Texas, where the Debtors owned three parcels of real property. The Internal Revenue Service (IRS) previously had recorded a lien in Lampasas County arising from a claim against the Debtors for unpaid taxes.

The Debtors filed a petition under chapter 13 of the Bankruptcy Code on April 22, 1994. The Debtors scheduled ownership interests in real property in Texas and Colorado, and they also claimed this property as exempt. The chapter 13 trustee objected to the claims of exemption, and the Court entered an order reserving ruling on the chapter 13 trustee's objection.

The Bank also filed an objection to the claims of exemption, as well as an objection to the Debtors' proposed sale of certain parcels of the Texas property, an objection to the chapter 13 plan, and a motion to dismiss the case or convert the case to a case under chapter 7. On December 30, 1994, the Bank and the Debtors filed a Stipulation Resolving Claim, which provided that (1) the Debtors' real property located in Texas "shall be exempt from the Bankruptcy Estate;" and

C. Stephen Allen, Tampa, FL, for movant, First Texas Bank.

Harvey P. Muslin, Tampa, FL for debtors.

Mary Apostolakos Hervey, Washington, DC, for the United States of America.

Charles R. Wilson, Jacksonville, Florida, U.S. Attorney, Tampa, FL, for the United States of America.

that (2) the stay was lifted to permit the Bank to exercise its state law remedies against the property in Texas. The Stipulation further provided that the agreement was "predicated upon Debtors immediately filing all tax returns owed to Internal Revenue Service ... to eliminate the amounts alleged owed by Debtors to IRS." An Order Approving the Stipulation was entered on January 13, 1995.

On January 17, 1995, the Debtors filed an Objection to the proof of claim filed by the IRS and asserted that the taxes described in the claim had been paid.

On June 28, 1995, the Court entered an Order on Debtors' Objection to Proof of Claim of Internal Revenue Service which stated that the "only unresolved issue is whether the debtors made a payment to the I.R.S. in the amount of $7,429.45, which had not been credited on the proof of claim." The Order provided, therefore, that the Debtors were to furnish the IRS with either the original check or a bank microfiche of the check within thirty days. If the check was not so furnished, the Order provided that the claim of the IRS would be allowed as filed.

No further order was entered either allowing or disallowing the IRS's claim.

The Debtors' case was converted to a case under chapter 7 on November 8, 1995. On December 14, 1995, the chapter 7 Trustee filed his Report of No Distribution in the case. In the Report, the Trustee stated:

> I have made a diligent inquiry into the financial affairs of the Debtor(s) and the location of property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law.

> The Trustee determined that any property not exempt should be abandoned as being of minimal value or having no equity due to liens and is being so abandoned under Section 554(C), Bankruptcy Code, including but not limited to

any property which may be listed hereafter.

The Debtors received their discharge on May 21, 1997. The Final Decree was entered and the case was closed on June 27, 1997.

The Bank subsequently filed a Motion to Reopen the case for the purpose of filing a "Motion for Order Declaring No Prepetition 941 Funds Are Owed to Internal Revenue Service." A hearing was conducted on the Motion to Reopen on September 24, 1997, and an Order Granting the Motion was entered on October 3, 1997. The Order reopening the case provided that a further hearing would be scheduled to consider the status of the case and whether additional proceedings may be necessary.

The Bank filed the Motion for Order Declaring No Prepetition 941 Funds Are Owed to the Internal Revenue Service simultaneously with the Motion to Reopen. In the Motion for Order Declaring No Prepetition 941 Funds Are Owed to the IRS, the Bank asserted that Debtors' counsel had received proof of the Debtors' payment to the IRS following the hearing on the Debtors' Objection to the IRS's claim in 1995, and that Debtors' counsel had assured the Bank that the IRS agreed to the entry of an order disallowing its claim, but that no such order was entered before the case was closed. The Bank stated that it needed the order "so as to be able to clear the title" to the real property in Texas that was subject to its judgment lien.

A hearing on the Motion was conducted on October 21, 1998. At the hearing, the Bank represented that it recently had learned that the Debtors may continue to owe money to the IRS, notwithstanding the Bank's prior belief that the claim had been paid, but that the amount of the claim was disputed.

The IRS contended at the hearing that the Court lacks subject matter jurisdiction over the matter since the property was "exempt" from property of the estate, and

further contended that the Court should not entertain the Motion because it serves no bankruptcy purpose. Second, the IRS asserted that the Order on the Debtors' Objection to its claim provided that the claim would be allowed as filed if proof of payment was not furnished as set forth in the Order, that no such proof of payment was provided, and that the Order allowing the claim is therefore final.[1]

On November 13, 1998, the Court entered an Order denying First Texas Bank's Motion to Reopen Proceeding to Obtain Order Canceling Lien of Record. The Court concluded that the Bank sought relief from the Order on the Debtors' Objection to the claim of the IRS, and that such relief could not be granted on the grounds of excusable neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure since the request was not made within one year of the Order. The Court further determined that relief was unavailable under Rule 60(b)(6) of the Federal Rules of Civil Procedure since relief cannot be granted under that subsection if the request for relief is premised on a ground enumerated in Rule 60(b)(1), such as excusable neglect, and the request in this case was made on the basis of excusable neglect. Consequently, the Court denied the Motion to Reopen.

## Discussion

█ The Motion for Reconsideration of November 13, 1998 Order on First Texas Bank's Motion to Reopen Proceeding was filed by First Texas Bank. The Bank previously obtained relief from the automatic stay to enforce its judgment lien against property owned by the Debtors in Texas. The property was also encumbered by a prior tax lien. The chapter 7 trustee in the case abandoned the property as having no value for the estate.

It is clear that the Bank's objective in this proceeding is the cancellation or modification of the tax lien so that the Bank may obtain clear title to the property in Texas. In the Motion to Reopen Closed Proceeding, for example, the Bank sought to reopen the case "so as to clear the lien of record in the Lampasas County, Texas deed records." In the Motion for Order Declaring No Prepetition 941 Funds Are Owed to Internal Revenue Service, the Bank sought "the entry of an Order discharging the 'Notice of Federal Tax Lien Under Internal Revenue Laws' ... so as to be able to clear the title to those two parcels of real property in Lampasas County, Texas." Finally, in the Motion for Reconsideration of the Order entered on November 13, 1998, the Bank asked that the Court reconsider its Order declining to reopen the case, because "the only way to clear the title to the Texas real property is for someone to pay IRS," and "it is a windfall to and unjust enrichment of the United States that IRS receive more from a third party (First Texas) than is actually due from the Debtor tax payers themselves."

Consequently, although the Bank frames its request as a request for relief from the order on the IRS's claim, based on the excusable neglect of Debtors' counsel, the dispute essentially involves the existence and amount of the tax lien on the property in Texas.

The Court determines that it lacks subject matter jurisdiction over this proceeding.

The jurisdiction of Bankruptcy Courts is set forth in 28 U.S.C. §§ 1334 and 157.

**28 USC § 1334. Bankruptcy cases and proceedings**

(a) Except as provided in subsection (b)

---

1. With respect to the Bank's assertion that the Debtors did not receive credit for a payment in the amount of $7,429.45, the IRS stated: "A copy of the transcript of debtors' account for the first quarter of 1992, a period not included on the proof of claim, shows that the debtors were indeed credited with the $7,429.45 payment." See Opposition by United States to Motion to Conduct Rule 2004 Examination, filed August 13, 1998, at page 2.

of this section, the district courts[2] shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts[3] shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

"This provision creates jurisdiction in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.' The bankruptcy court's jurisdiction is derivative of and dependent upon these three bases." *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999).

■ The Bank's request for cancellation or modification of the tax lien is not based on a substantive right created by the Bankruptcy Code, and therefore does not "arise under" title 11. Additionally, the request is not an administrative matter that could arise only in bankruptcy, and therefore does not "arise in a case under" title 11. *In re Toledo*, 170 F.3d at 1345–46. The issue, therefore, is whether the request is "related to" a case under the Bankruptcy Code. "[F]or federal bankruptcy jurisdiction to exist, a case must at minimum 'relate to' a case under title 11." *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995).

■ The Eleventh Circuit Court of Appeals has adopted the test established by the Third Circuit for determining whether a proceeding is "related to" a bankruptcy case.

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990), quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984). The jurisdictional grant under this test is extremely broad. *In re Toledo*, 170 F.3d at 1345.

As shown above, the Bank in this case seeks the cancellation or modification of a tax lien on property located in Texas. While the case was pending as a chapter 13 case, the Bank and the Debtors "stipulated" that the property was exempt from the bankruptcy estate, and that the automatic stay was lifted to permit the Bank to pursue its state law remedies against the property. The case was later converted to a case under chapter 7. No issue was ever presented in the converted case regarding whether the chapter 7 trustee or other creditors were bound by the stipulated exemption. For purposes of the present motion, however, the issue is not critical because the chapter 7 trustee abandoned the property at the close of the case. In his Report of No Distribution, the Trustee represented that there is no property available for distribution from the estate, and that any property not exempt was abandoned because it was of no value to the estate. Further, § 554(c) of the Bankruptcy Code provides:

**11 USC § 544. Abandonment of property of the estate**

. . . . .

referred to the bankruptcy judges for the district.

**3.** See footnote 2.

---

**2. 28 USC § 157. Procedures**

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be

(c) Unless the court orders otherwise, any property scheduled under 521($l$) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

The property in Texas was listed by the Debtors on their schedule of real property filed at the commencement of the case. Accordingly, the property either was "exempt" in accordance with the stipulation between the Bank and the Debtors, was expressly abandoned by the trustee pursuant to his Report of No Distribution, or was abandoned pursuant to § 350 of the Bankruptcy Code when the case was closed. In any case, the property is no longer property of the estate, and is not subject to administration for the benefit of the Debtors' creditors.

■ Proceedings to resolve disputes between two nondebtors regarding property which is not property of the estate generally are not "related to" a bankruptcy case within the meaning of § 1334 of title 28. In *In re Gardner*, 913 F.2d 1515 (10th Cir.1990), for example, the debtor's spouse had been awarded certain real property in connection with a divorce decree, and the bankruptcy court had determined that the government's tax lien on the property was extinguished. The government appealed, and the Tenth Circuit Court of Appeals concluded that "the bankruptcy court lacked jurisdiction to resolve the dispute between [the former spouse] and the government regarding a lien on nonestate property." *In re Gardner*, 913 F.2d at 1519.

[T]he bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy.

*Id.* at 1518. The dispute did not affect the distribution of assets or administration of the bankruptcy estate. *Id.* at 1519.

Further, in *In re Conway*, 1994 WL 617253 (Bankr.E.D.Cal.), the IRS had placed a tax lien on the debtors' homestead property prior to the filing of their chapter 7 petition. The homestead exemption was allowed, the debtors received their discharge, and the chapter 7 trustee filed his Final Report. The debtor subsequently paid the IRS on account of the lien, and then filed an action in the bankruptcy court to recover the amount paid. *In re Conway*, 1994 WL 617253, at *1.

The Bankruptcy Court determined that the action should be dismissed because it did "not find a sufficient nexus between Conway's bankruptcy rights and/or property of the estate and the payment of the tax lien in ·question to exercise 'related' jurisdiction over this litigation." *Id.* at *3. In so holding, the court cited *In re Israel*, 112 B.R. 481 (Bankr.D.Conn.1990) for the proposition that the court had no jurisdiction to determine the validity of a tax lien against abandoned property. Essentially, the court found that the case should be dismissed since the outcome would have no impact on the estate or distributions to creditors. *In re Conway*, 1994 WL 617253, at *2.

*See also, In re Wesche*, 178 B.R. 542, 543 (Bankr.M.D.Fla.1995) (The attachment or enforceability of a tax lien on exempt property effects [sic] only property which is not part of the estate. If the proceeding does not effect [sic] the amount of property of the estate or debtor's exemptions it is not a related proceeding.); *In re Holland Industries, Inc.*, 103 B.R. 461, 470 (Bankr. S.D.N.Y.1989) (An action to avoid a tax lien on property owned by nondebtors was dismissed for lack of subject matter jurisdiction where no property would accrue for the estate and there would be no effect on the relationship between the debtor and its creditors.); and *In re Dickenson Lines, Inc.*, 47 B.R. 653, 656 (Bankr.D.Minn.1985) (A request to discharge a tax lien was denied where the property was not property of the estate and the dispute was between two nondebtors.)

## Conclusion

The relief requested by the Bank in this case is not materially different from the relief requested in the cases cited above. The Bank seeks to cancel or modify a tax lien on property which is not property of the estate. The Debtors have received their discharge and are not asking for a determination either of the amount or the dischargeability of the taxes owed to the IRS. The Trustee abandoned the property and filed a Report of No Distribution in the case. The outcome of the Bank's Motion will not have any effect on the bankruptcy estate. The cancellation of the tax lien on the property in Texas would not in any way impact on distribution to creditors in the chapter 7 case or the administration of the estate. Consequently, the Court lacks subject matter jurisdiction to consider the Bank's request.

Accordingly:

**IT IS ORDERED** that the Motion for Reconsideration of November 13, 1998 Order on First Texas Bank's Motion to Reopen Proceeding to Obtain Order Canceling Lien of Record filed by First Texas Bank is denied.