**In re WEDTECH CORP., f/k/a Welbilt Electronic Die Corp., Debtor.**

**BEEBE INTERNATIONAL, INC., Plaintiff,**

v.

**FRENCH AMERICAN BANKING CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**WEDTECH CORP., Debtor and Third-Party Defendant.**

**Bankruptcy Nos. 86 B 12366, 87 Civ. 0131 (SWK) and 87–5037A.**

United States Bankruptcy Court, S.D. New York.

April 6, 1987.

White & Case by Allan L. Gropper, James Laughlin, New York City, for French American Banking Corp.

Olwine, Connelly, Chase, O'Donnell & Weyher, by Michael E. Twomey, New York City, for Beebe Intern., Inc.

## DECISION AND ORDER

HOWARD C. BUSCHMAN III, Bankruptcy Judge.

French American Banking Corporation ("FABC"), the defendant in a proceeding commenced by Beebe International, Inc. ("Beebe") in the United States District Court for the Southern District of New York removed that action to this Court pursuant to 28 U.S.C. § 1452 on the ground that the claims being adjudicated are related to the reorganization of Wedtech Corporation, a debtor herein (the "Debtor"), and the determination of these claims will affect the administration of its estate. Beebe countered with a motion for an order from this Court remanding the proceeding to the district court. In support of its motion, Beebe contends that the determination of the proceeding will have no impact on the Debtor's estate, that a remand will protect the integrity of letters of credit in financ-

ing commercial transactions, and that the district court will more expeditiously resolve the claim of Beebe against FABC. FABC objects to the motion and presses its right to have the proceeding before this Court. A hearing was held on February 24, 1987. The sole question presented here is whether the Beebe action is a "related" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

### I.

The underlying facts and the relationship of the parties are largely undisputed. Beebe is engaged in the manufacture and sale of industrial winches. Sometime in early 1986, it entered into a contract with the Debtor to custom-make and ship 24 winches from July through late November 1986, for a total purchase price of $2,106,-384.00. The Debtor then applied for and obtained from FABC an irrevocable letter of credit in the amount of the purchase price, with Beebe named as the beneficiary thereunder. Describing the shipping schedule of the winches and providing that the credit would not be payable until thirty days after the invoice date, the letter of credit stated that payment would be so made only if the documents presented by Beebe in demanding payment were found by FABC to be in conformity therewith. The letter of credit expired by its terms on December 15, 1986. Reimbursement for payments made thereunder by FABC was to be secured by a security interest granted to FABC by the Debtor in all its present or future property financed by FABC. FABC filed UCC–1 financing statements in June 1986.

The first six demands by Beebe for payment pursuant to the letter of credit were made after shipment of winches to the Debtor. FABC states that the documents submitted in support of each of these six demands failed to conform to the terms of the letter of credit in material respects, and that it would have been unable to honor the demands because of the discrepancies but for a waiver by the Debtor of the discrepancies and approval of payments to Beebe under the letter of credit. Having received

those waivers, FABC then honored the six demands, less a minor discrepancy fee.

It is at this point that the dispute between FABC and Beebe emerges. The final five winches under this contract were to be shipped by the end of November 1986. The first three were shipped by Beebe, which demanded the purchase price from FABC on or about November 24, 1986 (the "first demand"). FABC avers that, again, the documents submitted failed to comply with the terms of the letter of credit, and it so informed Beebe's representative. Conforming documents, however, were not submitted by Beebe, nor was a waiver of the discrepancies or authority to pay the credit given by the Debtor to FABC prior to the expiration of the letter of credit.

On or about December 10, 1986, FABC received a demand from Beebe for payment of $175,532 under the letter of credit for the last two winches (the "second demand"). As had happened after the first demand, FABC asserted that the documents in support of the demand did not conform and, without a waiver or approval to pay given by the Debtor, it could not honor the second demand before expiration of the letter of credit.

On the date that the letter of credit expired, December 15, 1986, the Debtor filed under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (1984) (the "Code").

Beebe thereupon commenced the instant action, alleging that FABC's refusal to make payments for the final five winches constitutes a breach of the agreement set forth in the letter of credit, that FABC wrongfully dishonored the last two demands on the ground that the alleged discrepancies contained therein were similar or identical to those existing under the six earlier demands which FABC honored, and that FABC's behavior in giving notice of its intent to dishonor the documents was motivated by its knowledge of the Debtor's intention to file a petition in bankruptcy and constituted bad faith wrongful dishonor for which Beebe demands punitive damages. Beebe also asserts that FABC is equitably estopped from asserting the dis-

crepancies in the documents as a defense to making payments under the letter of credit.

For its part, FABC, in its adversary third-party complaint against the Debtor, seeks a declaratory judgment by requesting that this Court find that the Debtor has not and may not validly waive any discrepancies in the documents and, therefore, that FABC properly refused to honor the first and second demands. It asserts that the Debtor, now in Chapter 11 proceedings, may not now waive any discrepancy without this Court's approval and that those persons, specifically named and authorized by corporate resolution to waive discrepancies and approve payments to Beebe under the letter of credit, are no longer associated with the Debtor. Alternatively, if this Court finds a waiver of the discrepancies in either demand, FABC requests that the Court determine that FABC has a valid and perfected security interest in the final five winches shipped to the Debtor by Beebe in November 1986.

## II.

In support of its motion for remand, Beebe principally advances three arguments: (i) that the determination of the Beebe action does not involve this Debtor or its estate and thus is not within the subject matter jurisdiction of this Court; (ii) that a remand will protect the integrity of a letter of credit in a commercial transaction; and (iii) that the district court will more expeditiously resolve the matter.

In asserting that removal was improper because it was to a court allegedly without jurisdiction over this dispute, see 28 U.S.C. § 1452(a) (1984), Beebe relies on case law holding that letters of credit and their proceeds are not property of a debtor's estate, and that a letter of credit differs from a guaranty in that the former places a "primary obligation" upon the issuer whereas the latter only involves "secondary liability" of a guarantor. Because FABC will be obliged to pay the liability out of its own funds should Beebe prevail, and will be stayed from seeking reimbursement from the Debtor, thus preventing the assets of the estate from being depleted, Beebe terms this a "private" controversy over which this Court lacks jurisdiction.

While Beebe's position as to the legal implications of a letter of credit is not disputed on this motion, the conclusion of lack of subject matter jurisdiction does not flow from that premise. Section 1334(b) of Title 28 provides the district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 157(a) enables each district court to refer all such cases to the bankruptcy judges for that district. The district court for this district has done so by order of Judge Robert J. Ward dated July 10, 1984. Since this proceeding does not arise in a Chapter 11 case, the question here is whether the proceeding is related to the Chapter 11 case filed by the Debtor. For the reasons that follow, we hold that it is and is therefore properly here.

Both FABC's defense to not paying Beebe for the first and second demands, that having been presented with nonconforming documents without waivers of those discrepancies from the Debtor, it was unable to pay under the terms of the letter of credit, and Beebe's assertion of immateriality, involve the Debtor. It appears that the terms of the underlying agreement were negotiated with the Debtor and thus evidence from the Debtor will be required to determine that issue and the related issue of whether the prior waivers changed the terms on which the parties dealt.

While we doubt that the mere need for evidence from a debtor-in-possession would, by itself, sustain a claim of related jurisdiction, the outcome of the proceeding directly affects the bankruptcy case. The litmus test for relatedness is:

> whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* ... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, opinions, or freedom of action (either positively or negatively) and which in any way im-

pacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (citations omitted) (emphasis in original); *accord Bobroff v. Continental Bank (In re Bobroff),* 766 F.2d 797, 802 (3d Cir.1985); *see Zweygardt v. Colorado National Bank of Denver,* 52 B.R. 229, 233, 13 B.C.D. 459 (Bankr.D.Colo.1985) (to be a related proceeding, an action must "have some affect on administration of the debtor's estate"). Some effect is required. The mere presence of "common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate" does not make a case related. *Pacor,* 743 F.2d at 994.[1]

Such an effect exists here. The resolution of this adversary proceeding necessarily impacts the Debtor's rights and liabilities as to FABC's claim under the letter of credit. If Beebe prevails, FABC will assert, as it has already done in its third party complaint, its allegedly secured status. Conversely, if FABC prevails, Beebe will assert a claim as an unsecured creditor. More than the substitution of one unsecured creditor for another through subrogation is thus involved here. Rather, this action appears to affect directly the resolution and ranking of claims. That task is at the core of the bankruptcy process. *See* 28 U.S.C. § 157(b)(2)(B), (K). This, in turn, affects the financial interests of the unsecured creditors. *See Equimark Commercial Finance Company v. Novachich (In re Showcase Natural Casing Company, Inc.),* 54 B.R. 142, 144 (Bankr.S.D.Ohio 1985); *In re Dogpatch U.S.A., Inc.,* 810 F.2d 782 (8th Cir.1987).

Thus, there is a sufficient "nexus" between the bankruptcy proceeding and this action making it within this Court's jurisdiction far beyond the mere presence of "common issues of fact." *Compare In re Bobroff,* 766 F.2d at 803–04 (tort claims which are not property of the estate and have no impact on it are not related to a debtor's bankruptcy proceeding).

This conclusion is not contradicted by those cases, relied upon by Beebe, where courts refused debtors' attempts to enjoin post-petition payments under letters of credit. *In re M.J. Sales & Distributing Company, Inc.,* 25 B.R. 608, 9 B.C.D. 1342, 7 C.B.C.2d 884 (Bankr.S.D.N.Y.1982); *Page v. First National Bank of Maryland (In re Page),* 18 B.R. 713, 8 B.C.D. 1255 (D.D.C.1982). Unlike those cases, there is here an asserted defense by the issuer to the payment under a letter of credit. Those cases held that letters of credit are not assets of a debtor's estate. Here, no such claim is made; rather, it is the implication of the estate and the resolution of claims through the potential assertion of a secured claim by FABC and the involvement of the Debtor in the defense of the action that makes this proceeding a related proceeding.

Also unavailing is Beebe's second argument that remand to the district court will "protect the integrity of the letter of credit as a vehicle for financing commercial trans-

---

1. The Fourth Circuit recently addressed the similar issue of the jurisdiction of the court to grant a stay or injunction of suits in other courts against codefendants of the debtor or of third parties under § 362(a)(1) of the Code. *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.), *cert. denied sub nom. Committee of Representatives of Dalkon Shield Claimants v. A.H. Robins, Inc.,* — U.S. ——, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In determining whether to do so, a court must find "unusual circumstances", that is, "[s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties." *GAF Corporation v. Johns-Manville Corp. (In re Johns-Manville Sales Corp.),* 26 B.R. 405, 410, 9 B.C.D. 1403, 7 C.B.C.2d 1025 (Bankr.S.D.N.Y.1983) (citing *Royal Truck & Trailer v. Armadora Maritima Salvadorena, S.A.,* 10 B.R. 488, 491 (N.D.Ill.1981)), *aff'd,* 40 B.R. 219 (S.D.N.Y.1984). The court defined the "unusual" situation as where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor or giving rise to claims against the debtor. 788 F.2d at 999. The *Robins* doctrine is understandably more stringent than the *Pacor* test, since it relates to the issuance of extraordinary relief. Still, it is consistent with *Pacor* in showing the need for more than commonalities for there to be an impact from a civil dispute to which a debtor or trustee is not a party. *See also Lesser v. A–Z Associates (In re Lion Capital Group),* 44 B.R. 690, 700–04 (Bankr.S.D.N.Y.1984).

actions." According to Beebe, this is so because to fail to remand would permit an issuer to "delay or avoid payment by forcing the seller/beneficiary to pursue the issues through the labyrinth of a debtor/buyer's bankruptcy proceedings on the ground that the issuer's payment will adversely affect the debtor's estate." To Beebe, "[a] seller employing the letter of credit vehicle to finance a sale to an unfamiliar buyer will derive no benefit from having obtained a letter of credit in the event a buyer seeks bankruptcy protection" (Beebe's Motion at ¶¶ 12–13).

This argument is meritless. It cannot be gainsaid, as Beebe emphasizes, that letters of credit are of great importance in the commercial world. Still, the existence of a letter of credit in a business transaction between a creditor and an entity who subsequently seeks the protection of Chapter 11 of the Bankruptcy Code does not affect the congressional scheme set forth in 28 U.S.C. § 157. While Beebe may never have contemplated litigating this matter in the bankruptcy court, its dispute with FABC has on impact on this estate and is thus a matter related to this bankruptcy case.

Beebe's characterization of the "labyrinth" of a bankruptcy proceeding exaggerates its concern. While bankruptcy cases may be complex and take years to be reorganized or liquidated, adversary proceedings and motions within the bankruptcy case are heard and resolved as soon as possible in this Court. Debtors and creditors alike benefit from a prompt resolution of their disputes. There is no guarantee that an earlier or better resolution can be reached in the district courts with their crowded calendars and which labor under the burden of the speedy trial act. *See Salomon v. Kaiser (In re Kaiser),* 722 F.2d 1574, 1581 (2d Cir.1983); *Lesser v. A–Z Associates Inc. (In re Lion Capital Group),* 46 B.R. 850, 858–60, 12 B.C.D. 840, 12 C.B.C.2d 59 (Bankr.S.D.N.Y.1985).

Also of no merit is Beebe's argument that, since this is a related proceeding, this Court, under 28 U.S.C. § 157(c)(1), may make only findings of fact and conclusions

of law for submission to the district court, which may then conduct a *de novo* review, implying that it would be more expedient to let the district court hear the matter from the start. But this related proceeding process was contemplated by Congress in enacting 28 U.S.C. § 157. This Court has the "virtually unflagging obligation" to exercise the jurisdiction given it. *E.g., Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

Accordingly, Beebe's motion for remand of this removed proceeding to the district court must be and hereby is denied. It is

SO ORDERED.