In re S & S 31 FLAVORS, INC., "a Baskin & Robbins Store", Debtor.

Bankruptcy No. 889–90856–478.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Sept. 5, 1990.

Kenneth Adler & Associates by Kenneth Adler, Melville, N.Y., for debtor.

Robert Abrams, Atty. Gen. by August Fietkau, New York City, for N.Y. State Dept. of Taxation and Finance.

DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

FACTS

The Debtor, S & S 31 Flavors Inc., is in the business of operating a Baskin & Rob-

bins Franchise and filed a petition for relief under chapter 11 of the Bankruptcy Code on May 10, 1989. The Debtor's primary reason for seeking relief under chapter 11 was to resolve disputed claims for unpaid taxes with the Internal Revenue Service (hereafter the "IRS"), the New York State Department of Taxation and Finance (hereafter "NYS") and with the City of New York (hereafter "NYC"). There were no unsecured trade creditors listed on the Debtor's schedules.

During the Chapter 11 proceeding, the IRS, NYC and NYS filed proofs of claim. The Debtor resolved all issues with the IRS and NYC by stipulation after moving in this court to have the amount and legality of those claims determined. The Debtor similarly brought a motion pursuant to section 505 of the Bankruptcy Code to have the Bankruptcy Court determine the legality of the NYS assessments. The Debtor and NYS settled that motion and entered into a stipulation which provided that the claim filed by NYS was reduced and the penalties and interest assessed were eliminated. The stipulation executed by the Debtor and NYS included what purported to be a resolution of some issues which could be raised by NYS against the principal officers of the Debtor who could potentially be considered responsible parties for certain of Debtor's taxes due to NYS. The stipulation signed by the Debtor, New York State and the individual responsible officers contained language as follows:

ORDERED that the New York State sales tax assessment for the periods September 1, 1983 to February 28, 1987, plus interest and penalties, the sales tax assessment and claims for periods September 1985, to May 31, 1987 plus interest and penalties, the withholding tax assessment and claims for the period January 1, 1985 to May 30, 1989, plus interest and penalties, all as set out within the claims filed by the New York State Commission of Taxation and Finance Dated July 18, 1989, and all related assessments or claims against corporate officers STAN-

LEY GOTTLIEB, and SHELDON GOTTLIEB and FLUSHING DESSERTS, INC., is in all respects reduced to the total sum of $25,000.00, and any other claims by the New York State department of taxation and finance for taxes, interest and penalties for all periods up to July 18, 1989, are hereby waived and released ...

This stipulation was "So Ordered" by the court and entered on its docket on January 5, 1990 in the settlement of the Debtor's motion.

Subsequent to the entry of the stipulation and order, NYS sent a notice of tax assessment to the individual responsible officers claiming monies due for the penalties and interest on the claim that had been disallowed in the Debtor's estate. However, NYS did not attempt to assess or assert that claim against the Debtor. The Debtor brought an action in the Bankruptcy Court requesting, *inter alia*, an order adjudging NYS to be in contempt of court for wilfully disobeying the stipulation and order of this court and fining NYS one thousand Dollars per day until all assessments are vacated as against the Debtor's principals.

NYS refused to remove its notice of assessment against the individual officers, and opposed the Debtor's motion arguing that it believed that this Court did not have jurisdiction over the dispute involving the non-debtor parties.[1] Debtor's counsel maintained that because the stipulation between the parties had been "so ordered" by this Court and the matter was related to a court proceeding in a Chapter 11 (the resolution of tax claim in a Chapter 11 case), this Court had jurisdiction and could resolve the issue.

### DISCUSSION

The issue before this Court is whether this Court has jurisdiction over the dispute between NYS and the non-debtor individual officers in this case.

---

1. Although additional defenses were raised by NYS, there is no need to consider them at this time.

**204**

A Bankruptcy Court's subject matter jurisdiction is limited by 28 U.S.C. § 157(a) and § 1334(b) to those issues which "arise under", "arise in" or are "related to" a bankruptcy. Generally, Bankruptcy Courts lack jurisdiction to adjudicate controversies between third-parties which do not involve the debtor or property of the debtor, unless the Court cannot perform its administrative duties without resolving the controversy. *In re Shirley Duke Associates*, 611 F.2d 15, 18 (2d Cir. 1979); *In re Stanndco Developers, Inc.*, 534 F.2d 1050, 1052–53 (2d Cir.1976); *In re Stein & Day, Inc.*, 113 B.R. 157 (Bankr.S. D.N.Y.1990).

Section 505 of the Bankruptcy Code grants the Bankruptcy Court jurisdiction to determine the amount or legality of *any tax.* 11 U.S.C. § 505(a)(1) (1988) (emphasis added). That section, however, does not confer subject matter jurisdiction on the Bankruptcy Court to determine the tax liability of individuals or entities other than the debtor. *In re Brandt–Airflex Corp.*, 843 F.2d 90 (2d Cir.1988); *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986); *Interstate Motor Freight System*, 62 B.R. 805 (Bankr.W.D.Mich.1986). Section 505(a) was only intended to permit the Bankruptcy Court to determine the unpaid tax liability of the debtor. *In re Brandt–Airflex*, 843 F.2d at 96, citing, S.Rep. No. 95–989, 95th Cong., 2d Sess. 67, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5853; H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 356, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6312.

What the Debtor now seeks is not a determination of the Debtor's tax liability, but rather the tax liability of the non-debtor party *vis a vis* NYS. The Bankruptcy Court is not the appropriate forum for this dispute.

The Debtor claims the issue is sufficiently "related to" the Bankruptcy case to be within this Court's jurisdiction, particularly since the Court "so ordered" the Stipulation between the various parties.

Under 28 U.S.C. § 157(c)(1), the Bankruptcy Court has jurisdiction to hear "non-core" cases that are "related to" a bankruptcy proceeding after which the Bankruptcy Court must submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1) (1988). Under Section 157(c), a proceeding is "related to" a bankruptcy proceeding when the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy. *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir.1987); *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797 (3d Cir.1985); *Pacor v. Higgins (In re Pacor)*, 743 F.2d 984 (3d Cir.1984); *Levovitz v. Verrazano Holding Corp. (In re Verrazano Holding Corp.)*, 86 B.R. 755 (Bankr.E.D.N.Y.1988); *Beebe Int'l, Inc. v. French American Banking Corp. (In re Wedtech)*, 72 B.R. 313 (Bankr.S.D.N.Y.1987). This determination is made by considering the extent to which the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and to which it in any way impacts upon the handling and administration of the bankrupt estate. *Id.*

In this case, none of the Debtor's property is at risk. All of the Debtor's disputes with NYS have been resolved and NYS is not asserting any additional claims against the Debtor. The assertion of the claim against the principals of the Debtor will clearly not have any effect on the Administration of the Debtor's Estate.

Although several cases have held that Section 105(a) of the Bankruptcy Code may be utilized by the Bankruptcy Court to issue orders staying actions against third parties where a stay is necessary to an effective reorganization of the debtor or the orderly and efficient administration of the debtor's estate, the facts in this case do not warrant this Court's exercise of such power. There is no indication that the Debtor's ability to reorganize will be affected by the actions of NYS. In fact, the Debtor's Plan of Reorganization has been confirmed and an Order of Confirmation is about to be entered.

*See In re A.H. Robins Co., Inc.*, 828 F.2d 1023 (4th Cir.1987); *In re Otero Mills, Inc.*, 25 B.R. 1018 (D.N.M.1982); *In re Keyco*,

*Inc.*, 49 B.R. 507 (Bankr.E.D.N.Y.1985); *In re Sentinel Energy Control Systems, Inc.*, 27 B.R. 795 (Bankr.D.Mass.1983); *In re Lahman Mfg. Co.*, 33 B.R. 681 (Bankr.D.S. D.1983); *Matter of Precision Colors, Inc.*, 36 B.R. 429 (Bankr.S.D.Ohio 1984); *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr. S.D.Ca.1981).

■ Although the Stipulation executed by the Debtor, non-debtor individuals and NYS, was "so ordered" by this Court, that did not and could not have the effect of extending this Court's jurisdiction over the dispute between the non-debtor and NYS. The parties to an action cannot give to this Court subject matter jurisdiction where none existed. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

### CONCLUSION

This Court does not have jurisdiction over the non-debtor and NYS as to the dispute between these two parties, either under 11 U.S.C. § 505 or 28 U.S.C. § 157(c). This is not a "core" proceeding nor do the facts in this case warrant the Court's use of its equitable powers pursuant to 11 U.S.C. § 105(a). Therefore, the motion is denied. Submit an order in conformity with this decision.