**In re Christopher GREEN, Debtor.**

**CITY OF JOLIET, an Illinois municipal corporation, Plaintiff,**

v.

**BANK ONE, CHICAGO, N.A., a National Banking Association, Defendant.**

Bankruptcy No. 96 B 25792.
Adversary No. 96 A 01709.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 15, 1997.

Jeffrey S. Plyman, Assistant Corporation Counsel, Corey D. Lund, Hinshaw & Culbertson, Joliet, Il, for Plaintiff.

Mark O. Beem, Miller, Shakman, Hamilton, Kurtzon & Schlifke, Chicago, IL, for Defendant.

Gregory K. Stern, Chicago, IL, trustee.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO REMAND

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary case is asserted to relate to the pending bankruptcy case of Debtor Christopher A. Green ("Debtor" or "Green"), now pending under Chapter 11 of the Bankruptcy Code. The issue now posed is whether to remand a removed action based on allegedly wrongful dishonor of sight draft drawn on a letter of credit.

The case was originally filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, ("Will County Circuit Court") by the City of Joliet ("Plaintiff" or "City") against Bank One, Chicago, N.A. ("Bank One" or "Defendant"). It was removed by Bank One to this bankruptcy court pursuant to 28 U.S.C. §§ 1441(b) and 1452(a). The City has moved under 28 U.S.C. § 1447(c) to remand the case back to state court for lack of subject matter jurisdiction. Alternatively, if jurisdiction be found here, it moves that the proceeding be remanded pursuant to 28 U.S.C. § 1452(b), or that this Court abstain from hearing this case pursuant to 28 U.S.C. §§ 1334(c)(2) or 1334(c)(1). For reasons that follow, the City's motion to remand will be granted under § 1447(c), and this action will by separate order be remanded to the Will County Circuit Court.

### UNDISPUTED BACKGROUND AND PLEADINGS

On or about July 11, 1995, the City sued Bank One in the Will County Circuit Court for money damages allegedly caused by Bank One's dishonor of sight draft drawn on a letter of credit ("Letter of Credit"). The Letter of Credit was posted by Old Plank Road Estates, an Illinois general partnership owned by Green and others as partners. It was issued to guarantee installation and payment for site improvements required by the City in connection with a real estate development in Joliet.

On or about September 19, 1996, Bank One sought leave from the Will County Circuit Court to file a third-party complaint for indemnification against Debtor and others, alleging that Green was guarantor of all sums disbursed under the Letter of Credit. It also alleged that a Land Trust, of which Debtor was one of two beneficiaries, had primary responsibility for any funds disbursed. On September 30, 1996, before that motion to file the third-party complaint could be determined, an involuntary petition was filed in this Court against Green under Chapter 7 of the Bankruptcy Code, Title 11 U.S.C. An Order for Relief was entered on November 18, 1996, but on the same date an order was entered converting the bankruptcy case from one under Chapter 7 to one under Chapter 11 of the Bankruptcy Code.

A hearing in state court on the motion for leave to file the third-party complaint was scheduled for December 23, 1996. However, on December 4, 1996, Bank One filed its Notice of Removal of the action from Will

County Circuit Court to this bankruptcy court.

Although Bank One lists Green in the caption of its adversary papers as a third-party defendant, leave to file the third party complaint was never granted by the Will County Circuit Court and Green was not ever made a third-party defendant in that Court. Moreover, at no time over the five months since the case was removed here has Bank One requested leave to file a third party complaint against Debtor or to join Debtor as a party in this adversary. Nor has Debtor moved to intervene herein.

Green won many millions of dollars in the illinois Lottery before the bankruptcy was filed, and he will receive within a few years payments net of taxes more than enough to pay all of his creditors in full from payments out of lottery funds and through borrowing collateralized by future lottery payments. A consensual Plan has recently been confirmed that will pay his creditors through those means. Therefore, the outcome of this case will not affect the consummation of that Plan one way or another.

### DISCUSSION

Removal of state court cases to the bankruptcy court can be made pursuant to 28 U.S.C. §§ 1411 and 1452. *See Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 323–24 (10th Cir.), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). Section 1441(a) permits the defendant to remove any civil action of which the district court has original jurisdiction, while § 1452(a) provides that any party "may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Section 1334 grants original jurisdiction to the United States District Courts over cases arising under, arising in, or related to proceedings under Title 11, 28 U.S.C. §§ 1334(a) and (b).[1] Removal of cases assertedly related to a pending bank-

ruptcy are removed directly through the Bankruptcy Court Clerk to the bankruptcy judge assigned. Local Bankruptcy Rule 420(A); *In re Gianakas,* 56 B.R. 747 (N.D.Ill. 1985). However, a removed case must be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c); *see also Daleske,* 17 F.3d at 323.

Bankruptcy jurisdiction over civil proceedings is limited to proceedings arising under the Bankruptcy Code, Title 11 U.S.C., or arising in or related to cases filed under Title 11. *See Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir.1994). It is not contended here that the present dispute arises under the Bankruptcy Code or arises in the bankruptcy case. Defendant argues only that jurisdiction is "related."

"Related to" proceedings generally include:

> tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*Zerand-Bernal,* 23 F.3d at 161 (citing In re Xonics, 813 F.2d 127, 131 (7th Cir.1987)). The designation "related to" also gives the bankruptcy court jurisdiction over "suits to which the debtor may not be a party but which may affect the amount of property in the bankrupt estate." *Id.* at 161–62 (citations omitted); *see also Matter of FedPak Systems, Inc.,* 80 F.3d 207, 213–14 (7th Cir. 1996).

The central function of the Bankruptcy Code is reconciling competing claims of creditors to property of the debtor's bankruptcy estate. *Xonics,* 813 F.2d at 131. In the instant dispute, however, the letter of credit involved is not property of the estate.

A letter of credit is a third party obligation, the purpose of which is to "insure

---

**1.** Each District Court is authorized to refer such proceedings to the Bankruptcy Judges for the District under 28 U.S.C. § 157(a). The United States District Court for the Northern District of Illinois has made such a referral pursuant to Local Rule 2.33.

the certainty of payment for services or goods rendered regardless of any intervening misfortune which may befall the other contracting party." *In re North Shore & Central Illinois Freight Co.*, 30 B.R. 377, 378 (Bankr.N.D.Ill.1983). Letters of credit are commonly used as an important source of financing in commercial transactions. *Id.* A letter of credit is an independent obligation, and neither the letter of credit nor its proceeds are debtor's property even if the letter of credit is secured by the debtor's property. *In re Keene Corp.*, 162 B.R. 935, 940 (Bankr. S.D.N.Y.1994) (citations omitted); *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 296 (11th Cir.), *cert. denied sub nom, First Interstate Credit Alliance Inc. v. American Bank of Martin County*, 488 U.S. 993, 109 S.Ct. 557, 102 L.Ed.2d 584 (1988); *In re Delaware River Stevedores*, 129 B.R. 38, 40 (Bankr.E.D.Pa.1991) (collecting cases). "A letter of credit is an undertaking between the issuing bank and the beneficiary, and is independent of the relationship between the bank and the account party." *Air Conditioning*, 845 F.2d at 296 (citations omitted).

■ "Related" jurisdiction may lie here only if resolution of the dispute between Bank One and the City would eventually affect the amount of property or cash in the debtor's estate or would materially affect debtor's ability to fund a Plan in Chapter 11. However, no effect of this action on the bankruptcy estate has been shown.

Bank One quotes the terms of an alleged commitment letter dated April 22, 1991, executed by Bank One and signed by Debtor on June 17, 1991, in which Debtor agreed to "guaranty payment of all sums due under . . . any letter of credit now or hereafter outstanding." Bank One's Brief in Opposition at 3. Bank One argues that it has an indemnity claim based on that guaranty that is "related" to the bankruptcy estate. *Id.* at 5. However, Bank One failed to attach any such letter or other indemnification or guaranty agreement to any pleadings and did not seek herein to make Debtor a third-party defendant to this adversary. No indemnity action has been presented as yet to this Court. Thus, the Bank asserts "related" jurisdiction based on a claim it has not filed in this Adversary, although it has filed a proof of claim in the bankruptcy case asserting its indemnification claim against Debtor.

Assuming *arguendo* that an indemnity agreement by Debtor does exist and was presented here by a pleading, the action removed from the Will County Circuit Court into the Adversary proceeding still would not affect the bankruptcy estate. Bank One offered as one of its exhibits a copy of the City's proof of claim. The City's proof of claim includes an estimated $100,000 claim for potential liability for installation of improvements to the real estate development. This claim arises out of the same obligation as the letter of credit and Bank One's potential indemnification claim. Bank One's Brief in Opposition at 10.

The effect on the estate will be the same regardless of who wins this action. Should the City prevail in its action against Bank One, Bank One will likely have an indemnification against Debtor. Should the City fail in the action against Bank One, it will still have its claim against Debtor arising out of Debtor's asserted failure to complete the subdivision improvements. Both claims would arise out of the same obligation and would be for approximately the same amount. *See, e.g., In re Salem Mills, Inc.*, 148 B.R. 505, 508 (Bankr.N.D.Ill.1992) (stating indemnification agreements impact only on allocation of assets among competing creditors, not on size of asset pool); *Xonics*, 813 F.2d at 127 (holding jurisdiction over creditor disputes only involves property of estate or resolution affects some other creditor). It seems apparent that one of these two creditors may have a claim for approximately $93,000 based upon the alleged failure to complete the real estate development. However, the amount of money available for distribution to creditors will remain unaffected no matter how the dispute over the letter of credit is resolved.

■ There is precedent for finding "related to" jurisdiction over a breach of contract action brought by debtor's supplier against a party that issued an irrevocable letter of credit. *In re Wedtech Corp.*, 72 B.R. 313 (Bankr.S.D.N.Y.1987). However, that opinion relied upon the Third Circuit test for relatedness, holding that a dispute is "related

**560**

to" a bankruptcy where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy...." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). The Seventh Circuit has expressly rejected this test as overly broad. *FedPak Systems,* 80 F.3d at 214 (interpreting "related to" jurisdiction more narrowly). In this Circuit, the effect on the bankruptcy estate must be material. The mere possibility of some effect from an indemnification claim is not enough to pose "related to" jurisdiction. *See In re Spaulding,* 111 B.R. 689 (Bankr.N.D.Ill.) *aff'd,* 131 B.R. 84 (N.D.Ill.1990); *In re Emerald Acquisition Corp.,* 170 B.R. 632 (Bankr.N.D.Ill. 1994); *In re VideOcart, Inc.,* 165 B.R. 740 (Bankr.D.Mass.1994); *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.,* 973 F.2d 474, 482 (6th Cir.1992), *cert. denied,* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355, *reh'g denied,* 507 U.S. 1002, 113 S.Ct. 1628, 123 L.Ed.2d 186 (1993).

As related jurisdiction over this dispute is lacking and there is no basis shown for core jurisdiction, the proceeding will be remanded to the Will County Circuit Court.

### CONCLUSION

Accordingly, by separate order, the City of Joliet's motion to remand this action to the Will County Circuit Court will be granted. Pursuant to 28 U.S.C. § 1447(c), this action will be remanded to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.